**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FULTON ARMANDO LOJANO TIGRE, Petitioner** | **No. 3:26cv3061** |
| | **(Judge Munley)** |
| **v.** | |
| **CRAIG A. LOWE, Warden, Pike County Correctional Facility, Lords Valley; JOHN E. RIFE, Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, U.S. Attorney General, Respondents** | |

## MEMORANDUM ORDER

Before the court is Fulton Armando Lojano Tigre's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Petitioner is a citizen of Ecuador and an immigration detainee in the custody of the Department of

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Lojano Tigre filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1 at 1). He asserts his detention violates the Immigration and Nationality Act ("INA") and the the Due Process Clause of the Fifth Amendment. Id. at 2. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. Id. ¶¶ 1, 3; Doc. 4-2 at 3. He "has resided in Upper Darby, [Pennsylvania] since approximately 2021." (Doc. 1 ¶ 18). He has no criminal history. Id.

On September 22, 2026, ICE stopped the car Lojano Tigre was in. (Doc. 4-2 at 3). At that time, he was taken into custody. Id. So, Lojano Tigre has been in custody for almost two months. Lojano Tigre argues that his present detention is in violation of the law because (1) he was arrested without a warrant; and (2) he was not given an initial custody determination. See generally id. Respondent[2] demonstrates that these allegations are inconsistent with the record. (See generally Doc. 4).

According to petitioner's A-file, at the time of his arrest, and "[b]ased upon information available in the field, a handwritten Form I-200, Warrant for Arrest of Alien, was issued." (Doc. 4-2 at 3). That warrant was authorized by a supervisory deportation officer who "was present in the field during the encounter and authorized the arrest." Id. Later, "[u]pon arrival at the district office . . . [a]n EAGLE-generated Form I-200 arrest warrant was . . . generated and served." Id.

---

[2] Although petitioner named four respondents, (see Doc. 1 at 1), typically "the [only] proper respondent" to a petition for writ of habeas corpus "is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The government argues the only proper respondent here is Craig Lowe, Warden of the Pike County Correctional Facility. (Doc. 4 at 5). The court agrees with this argument. As such, the court will dismiss the other respondents as improper.

Under 8 U.S.C. § 1226(a), noncitizens such as Lojano Tigre may be arrested "[o]n a warrant issued." Lojano Tigre did not file a traverse making any argument after evidence of the warrant issued on the field was filed.

After a noncitizen's arrest, he undergoes an initial custody determination. 8 C.F.R. § 236.1(c)(8). Lojano Tigre argues he was never given one. But again, this allegation is undermined by the record, which demonstrates that Lojano Tigre (1) was given an initial custody determination; (2) signed a form acknowledging the result of that determination; and (3) requested a custody redetermination hearing before an immigration judge following that determination. (Doc. 4-5). At the time of the government's response, that custody redetermination was scheduled for October 23, 2026. (Doc. 4 at 2). So, rather than violating Lojano Tigre's due process rights, the government is providing him with the process he is entitled to. Buele Morocho v. Warden Phila. FDC, 189 F.4th 287, 305–07 (3d Cir. 2026).

Because petitioner fails to demonstrate that he is in custody in violation of the law, it is hereby **ORDERED** that:

1) John E. Rife, Markwayne Mullin, and Todd Blanche are dismissed from this action as improper respondents;

2) Fulton Armando Lojano Tigre's petition for writ of habeas corpus, (Doc. 1), is **DENIED**;

3) The Clerk of Court is directed to enter judgment in accordance with this opinion; and

4) The Clerk of Court is directed to close this case.

**Date:** 11/13/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**